IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No. 5:21-cr-1200 RB

ZARIAH OTILIA FRANCO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Zariah Franco's pro se motion for credit. (Doc. 62.) The United States argues that the Court lacks jurisdiction to consider the motion. (Doc. 64.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds that Franco's motion should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and it should be considered by the court in the district where she is confined. The Court will therefore **DISMISS** the motion.

**I.  Background**

On January 28, 2022, pursuant to a plea agreement, Franco pleaded guilty to one count of possession with intent to distribute 5 grams and more of a methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute more than 100 grams of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a) (1) and (b)(1)(B). (Docs. 50–51.) On May 26, 2022, the Court sentenced Franco to 63 months of imprisonment. (Doc. 59.) Franco is incarcerated at Tallahassee FCI, and her anticipated release date is October 25, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 30, 2024).

1

Franco, acting pro se, now asks the Court to reduce her sentence by one year for completing the RDAP/FIT programs. (Doc. 62 at 2.) The United States opposes the motion on the basis that it should be considered by the court in the district within which Franco is incarcerated. (Doc. 64.)

## II.     Discussion

Franco asks the Court for a one-year reduction in her sentence because she completed the RDAP/FIT programs. (*See* Doc. 62 at 2.) The Court construes the motion "as a petition under 28 U.S.C. § 2241 because [Franco] is challenging the execution of [her] sentence." *See United States v. Jaramillo*, No. 21-CR-658-WJ, 2024 WL 1935903, at *1 (D.N.M. May 2, 2024) (citing *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016); *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010)).

Because Franco is incarcerated outside the District of New Mexico, the Court lacks jurisdiction to consider her request for relief. *See id.* "The case law is clear—a prisoner must seek judicial review of § 2241 claims in the district of [her] confinement[,]" which in this case is the Northern District of Florida. *Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[J]urisdiction lies in only one district: the district of confinement."); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (explaining claims that "attack the execution of a sentence ... must be filed in the district where the prisoner is confined")). Franco may refile her motion in the appropriate district.

**IT IS THEREFORE ORDERED** that Franco's Motion (Doc. 62) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE